UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE ADAMS,

    Plaintiff/Counterclaim-
    Defendant,

v.                                                                    Case No.:   2:25-cv-685-SPC-NPM

MARK STUART ROHER and
MARK S. ROHER, P.A.,

    Defendants/Counterclaimants.

## **ORDER**

This matter comes before the Court on *sua sponte* review of the file. Pro se Plaintiff Michelle Adams, who resides in New York, brought this legal malpractice case against Defendants Mark Stuart Roher and Mark S. Roher, P.A. (Doc. 1). After Defendants filed their counterclaims and the Court set an in-person Federal Rule of Civil Procedure 16(b) conference, Plaintiff suddenly decided she did not want to prosecute her case in this District anymore. Citing various irrelevant reasons, Plaintiff moved for a venue transfer to the Southern District of New York. (Docs. 28, 29). The Court denied that motion. (Doc. 31). And anticipating future frivolous motions as a pretext for skipping the scheduled Rule 16(b) conference, the Court further advised Plaintiff that

regardless of whatever future motion she might file, she was required to attend the Rule 16(b) conference in-person unless ordered otherwise. (*Id.*).

As anticipated, Plaintiff did not simply accept her chosen forum and prosecute her case. She instead petitioned the Eleventh Circuit for a writ of mandamus directing the Court to transfer her case to the Southern District of New York. *See In re Michelle Adams*, Case No. 25-14338. She then moved this Court to stay this case pending her mandamus petition. (Doc. 38). The Court also denied that motion. (Doc. 40). In doing so, it observed that Plaintiff's attempts to transfer the case "appear[ed] to be nothing more than an attempt to evade the Rule 16(b) conference after likewise failing to participate in the parties' Rule 26(f) meeting." (Doc. 40 at 4–5). The Court once again reminded Plaintiff that "unless we specifically advise otherwise, she must attend the Rule 16(b) conference as scheduled" and cautioned her that "[f]ailure to do so may result in sanctions, including dismissal of this case—for failure to prosecute and for failure to comply with our orders—without further notice." (*Id.* at 5).

Despite the Court's clear instructions that Plaintiff must attend the Rule 16(b) conference, she did not. Instead, on the eve of the conference, she contacted the Court, defiantly advising that she would not be attending the conference, and she intended to move to voluntarily dismiss her case. (Doc.

41). The Rule 16(b) conference proceeded as scheduled, despite Plaintiff's absence. The Court never excused Plaintiff from attendance.

Plaintiff failed to participate in the Rule 26(f) meeting. (Doc. 39). She defied two separate Court Orders instructing her to attend the Rule 16(b) conference unless ordered otherwise. And the Court advised Plaintiff that those very actions may result in dismissal of her claims. True to its word, the Court now dismisses Plaintiff's case without prejudice for failure to comply with the Court's Orders and for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Owens v. Pinellas Cnty. Sheriff's Dep't*, 331 F. App'x 654, 656 (11th Cir. 2009) ("Pursuant to Fed. R. Civ. P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court . . . especially where the litigant has been forewarned[.]").

Accordingly, it is now **ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Because the complaint is dismissed, Defendants' motions to dismiss (Docs. 44, 49) are **DENIED as moot**.

3. The Court will address Defendants' counterclaims by separate Order.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record